NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____  :
CHARLES FASANO and RICHARD      :
LORETO, on Behalf of Themselves and all : Civil Action No. 11-3977 (SDW)
Others Similarly Situated,      :
                                :
    Plaintiffs,                :    **OPINION**
                                :
v.                              :    May 15, 2012
                                :
COAST CUTLERY CO.,              :
                                :
    Defendant.                 :
_____  :

**WIGENTON,** District Judge.

    This matter comes before the Court upon the motion of Defendant Coast Cutlery Co. ("Coast") to transfer venue to the United States District Court for the District of Oregon, pursuant to 28 U.S.C. §1404(a), and to stay the action pending the outcome of its transfer motion. (Docket Entry 22). Plaintiffs Richard Loreto ("Loreto") and Charles Fasano ("Fasano"), individually, and on behalf of a putative national class of consumers (sometimes collectively "plaintiffs") oppose the motion. No oral argument was heard. FED. R. CIV. P. 78.

    Having considered all of the parties' submissions, for good cause shown, and for the reasons set forth below, defendant Coast's motion to transfer is hereby **DENIED**, and thus its request to stay the action is **DISMISSED AS MOOT**.

**I.    BACKGROUND**

    **A.    New Jersey Civil Action**

    On July 11, 2011, plaintiffs filed the instant action, alleging that Coast, a manufacturer of

multi-tools and knives, falsely advertised that such products have high quality 440c stainless steel. (Compl., at ¶ 1). It is undisputed that Coast's knives and multi-tools are manufactured in China, while all of Coast's "business decisions" regarding product marketing and advertising were made by Coast company executives in Oregon. (Coast Mov. Bf. at 3; David Brands Declaration ("Brands Decl.") at ¶¶ 3, 8, 9; Pl. Opp. at 6). It is also undisputed that Coast is an Oregon corporation, with its headquarters and principal place of business in Portland, Oregon. (Brands Decl. at ¶ 3). Finally, no one disputes that Loreto, a citizen of New Jersey, allegedly purchased a Coast knife and multi-tool from a retail store in New Jersey, while Fasano, a citizen of Hawaii, allegedly bought a Coast knife from a retail store in California. (Compl. at ¶ 5). Plaintiffs assert claims for false advertising, breaches of express and implied warranties, and unjust enrichment under the federal Magnuson-Moss Act; violations of New Jersey's Consumer Fraud Act; and violations of California's Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Act.

      **B.**     **Oregon Civil Action**

On May 19, 2011, based on these same allegedly false advertising statements by Coast, Leatherman Tool Group ("Leatherman"), a manufacturer of multi-tools and knives, filed an action against Coast in the District of Oregon ("Leatherman Action"). It is undisputed that Leatherman raises nearly identical allegations of false advertising by Coast about the same products. However, Leatherman, a competitor of Coast, asserts claims under different federal and state laws, specifically false advertising and unfair competition under the federal Lanham Act and Oregon common law.

Up until October 2011, no discovery had been exchanged in the Leatherman Action, pending the Leatherman plaintiff's motion for a preliminary injunction. In October, while the instant transfer motion was pending, the district judge in the Leatherman Action denied Leatherman's motion for

a preliminary injunction, conducted a Rule 16 conference, and ordered a discovery schedule. Moreover, while the instant motion was pending, fact and expert discovery closed in February 2012, and the Leatherman Action has settled.

As such, Plaintiffs submit that the motion to transfer has been rendered moot. In response, defendant contends that, notwithstanding the settlement, Oregon remains the more convenient forum for discovery and trial. Thus, its transfer motion should be granted.

## II.     DISCUSSION

### A.     Legal Standard

Section 1404(a) permits a district court to transfer a case to any other district where venue is proper "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of § 1404(a) is twofold: to avoid wasting "time, energy, and money: and to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960). A decision to transfer venue is based on "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins., 55 F.3d 873, 879 (3d Cir. 1995). The party seeking transfer bears the burden of establishing that transfer is necessary. Id. The moving party must "show the proposed alternative forum is not only adequate, but also more appropriate than the present forum." Hoffer v. InfoSpace.com, Inc., 102 F. Supp.2d 556, 572 (D.N.J. 2000). The burden is a heavy one. As the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

The decision of whether to transfer a case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp.2d 560, 564 (D.N.J. 2000). In determining whether to grant a transfer motion pursuant to § 1404(a), a reviewing court must first ascertain whether the action could have been properly brought in the transferee district. Id. at 570. See Shutte, 431 F.2d at 25. The movant must demonstrate "the proprietary of venue in the transferee district and jurisdiction over all of the defendants." LG Electronics, Inc. v. First Int'l Computer, Inc., 102 F. Supp.2d 574, 586 (D.N.J. 2001). After the court determines that the jurisdiction and venue would be proper in the transferee district, the court, then, must consider two broad categories of factors identified by the Third Circuit Court of Appeals. Jumara , 55 F.3d at 879-80.

The first category includes considerations relevant to the private interests of the litigants. Id. at 879. Important private interests are: (1) "plaintiff's forum preference;" (2) "defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum."). Id. (internal citations omitted).

The second broad category includes the public's interests in a fair and efficient administration of justice. Jumara, 55 F.3d at 879-80. Considerations here include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." Id. (internal

4

citations omitted).

Neither list of factors is exhaustive; rather, the analysis under Section 1404(a) is flexible and individualized, based on the unique facts of each case. Lawrence v. Xerox Corp., 56 F. Supp.2d 442, 449 (D.N.J. 1999). Here, Coast, as the moving party, bears the burden of persuasion to show that "the proposed alternative forum is not only adequate, but also more convenient than the present forum." Id. at 451.

### B.     Venue In The Transferee District

As a threshold matter, this Court must first decide whether the transferee district would have personal jurisdiction over defendant Coast and venue would be proper in that alternate forum. In support of transfer, defendant contends, and plaintiffs do not contest, that venue would be proper in the District of Oregon pursuant to 28 U.S.C. § 1391. This Court agrees.

The Court finds that the District of Oregon is a district where this action might have been brought. There is no dispute that the District of Oregon has the requisite personal jurisdiction over Coast, a citizen of Oregon, and is a proper venue to adjudicate this case. Thus, it is a proper alternative forum. Rather, plaintiffs dispute transferring the action based on convenience of the parties and in the interests of justice.

### C.     Private Interest Factors

As to the first factor, a plaintiff's choice of forum is generally given great weight in an analysis under Section 1404(a). See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989). Here, however, several independent reasons exist to afford less deference to plaintiffs' choice. First, as Coast asserts and as plaintiffs concede, a plaintiff's choice of forum in a class action may not be entitled to as much deference as in the ordinary case. (Pl. Opp. at 5). See In re Warrick,

5

70 F.3d 736, 741 and n. 7 (2d Cir. 1995); Job Haines Home For The Aged v. Young, 936 F. Supp. 223, 228 (D.N.J. 1996). "In a class action the named plaintiff's testimony and other input is likely to be minimal. Furthermore, plaintiff classes are often comprised of residents of many states. . . . The residence of the class representative becomes a mere happenstance. The choice to sue in that named plaintiff's home state, a mere fortuity." Id. (internal citation omitted).

Second, although Loreto is a New Jersey resident, Fasano is not. Third, as plaintiffs acknowledge, nearly all of the essential operative facts occurred in Oregon, not in Jersey. When the plaintiff chooses a foreign forum rather than its home forum or "when the central facts of a lawsuit occur outside the chosen forum, plaintiff's choice of forum is accorded less weight." NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp.2d 317, 321 (D.N.J. 1998). "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." Id.; see Van Cauwenberghe v. Biard, 486 U.S. 517 (1988) (noting that a court determines the origin of a claim by looking to the "locus of the alleged culpable conduct."); see also Days Inns Worldwide, Inc. v. RAM Lodging, LLC, Civ. No. 09-2275, 2010 WL 1540926, * at 5 (D.N.J. Apr. 14, 2010).

As plaintiffs concede, and the Court finds, the District of Oregon is the center of gravity of the accused activity. First, during the relevant time period, Coast's headquarters and key executives maintained offices in Oregon. Second, Coast devised the allegedly unlawful business plan and issued many of the allegedly misleading and false advertising statements from its offices in Oregon on which Loreto, Fasano and the putative class members relied. Although Coast's products are advertised and sold throughout the United States, and Loreto purchased the disputed products in New Jersey, the Court finds that Oregon is the locus of the alleged liable conduct of Coast. Accordingly, the Court must give limited deference to plaintiff's choice of forum. In the Court's review, this

factor weighs slightly in plaintiffs' favor.

As to the second factor, Coast, a citizen of Oregon, would rather litigate in district court in Oregon. Thus, this factor weighs in favor of transfer.

The third factor, where the claims arose, turns on which forum contains the center of gravity of the dispute, events and transactions. See Park Inn International, L.L.C. v. Mody Enterprises, 105 F. Supp.2d 370, 377-78 (D.N.J. 2000) (noting that the inquiry turns on which forum contains the center of gravity of the dispute, its events, and transactions). This Court has already determined, as plaintiffs have already conceded, that Coast's business plans to create the allegedly false advertising statements, and issuance of such statements, arose in and the center of gravity of the parties' dispute is Oregon. See Job Haines, 936 F. Supp. at 228; Yang v. Odom, 409 F. Supp. 2d 599, 606 (D.N.J. 2006). As such, notwithstanding plaintiffs' assertions to the contrary, this factor weighs in favor of transfer.

As to the fourth factor, Coast focuses on several considerations irrelevant to the discussion, which relate only to the convenience of the parties as indicated by their relative physical and financial conditions. Coast contends that Oregon is more convenient than New Jersey because many party and non-party witnesses, who will testify about Coast's advertising and marketing program and efforts to correct potential problems with the disputed products, reside in Oregon. (Brands Decl. at ¶¶ 8-13). Defendant further contends that all of the relevant documents and physical evidence, such as samples of the disputed products, are located in Oregon. Such considerations are not relevant to convenience of the parties themselves. Indeed, as discussed below, Coast's arguments relate instead to the private interest factors which consider the ease of access to sources of proof and witness availability.

In support of transfer based on its convenience, Coast puts much emphasis on the pending Leatherman Action, arising out of the same allegedly false advertising program and statements. Although the Court acknowledges that the same allegedly false scheme gives rise to the instant action and Leatherman Action, the Court finds that this alone does not warrant transfer. Significantly, the Leatherman Action has settled. In any event, there are no common plaintiffs between the New Jersey and Oregon actions. Although Coast is named as a defendant in both actions, the Oregon action was brought by an individual competitor of Coast, while the instant action was brought on behalf of a nationwide class of purchasers of the Coast products. Additionally, the legal claims asserted in both actions are brought under different federal and state common law. Thus, Coast's position of convenience is less convincing.

Finally, Coast challenges the convenience of plaintiffs themselves. Coast asserts that New Jersey is less convenient for Fasano, a resident of Hawaii, and no more convenient for the unnamed putative class members scattered throughout the United States. In response, plaintiffs contend that they possess no physical inability to travel to Oregon; rather, their financial condition makes New Jersey a more convenient forum.

In support of their position, plaintiffs do not provide any supporting affidavit evidencing Fasano and Loreto's financial condition. Instead, plaintiffs assert that "'[t]he law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives.'" Tahir v. Avis Budge Group, Inc., Civ. No. 09-3495, 2009 WL 4911941, at * 5 (D.N.J. Dec. 14, 2009) (quoting Cook v. UBS Fin. Svcs., Inc., Civ. No. 05-8842, 2006 WL 760284, at * 6 n.2 (S.D.N.Y. Mar. 21, 2006)) (internal citations omitted). Although it appears unlikely that New Jersey would be a convenient forum for Fasano, a Hawaii

8

resident, he has chosen this forum by filing suit in this district. Thus, the Court will not challenge his preference. See Tahir, 2009 WL 4911941, at * 5.

In contrast, it is undisputed that New Jersey is clearly a less convenient forum for Coast, an Oregon company, with its party witnesses located in that forum. As such, Coast will undertake significantly more expense if the case remains in this forum. However, Coast does not allege that it has inadequate resources to litigate this dispute in New Jersey. Indeed, Coast, by its own admission, is a sizable company, which currently has a combined distribution network of over 10,000 retail outlets in the United States and thirty other countries. (Brands Decl. at ¶ 6). Accordingly, on balance, the Court finds that the relative financial and physical conditions of the parties do not weigh in favor of either fora.

As to the remaining relevant private factors, the convenience of the witnesses as well as the location of documents and records, they do not clearly favor either fora. Indeed, plaintiffs acknowledge the neutrality of these factors in determining whether to transfer. Yet, Coast contends that it would be inconvenient and costly for its Oregon based witnesses to travel to New Jersey. The convenience of witnesses should be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. There is no evidence that any witnesses for either party would be totally unavailable to testify in either New Jersey or Oregon as opposed to merely being inconvenienced by the distance. Accordingly, the convenience of the witnesses are neutral factors that do not weigh in the other party's favor.

Furthermore, the private factor regarding the location of the relevant documents and records does not clearly weigh in favor of either forum because neither party has suggested that the transportation of most of the documents to either forum would be unduly burdensome or expensive

as they are available in electronic form.

### D. Public Interest Factors

Coast submits that only the second, third, and fourth public interest factors are relevant to its transfer motion. In response, plaintiffs suggest that factors five and six are also relevant to the analysis, and like the other public interest factors, weigh against transfer.[1]

As to the second factor, Coast suggests that practical considerations favor transfer. Specifically, it contends that transfer would eliminate the possibility of inconsistent rulings and conserve judicial resources because the instant action can be consolidated with the Leatherman Action. Coast contends that the facts and legal claims giving rise to the instant action are virtually identical to those in the Leatherman Action. Thus, according to Coast, the cases involve substantially overlapping issues and claims. However, since the filing of the instant motion, the Leatherman Action has settled. Accordingly, Coast's argument that transfer would create judicial efficiency and avoid inconsistent determinations by resolving both actions together is now moot.

Even if the Leatherman Action was still pending, the Court would find there are no practical considerations warranting transfer. Although Coast is the sole defendant in both actions, there are no common plaintiffs between the New Jersey and Oregon actions. As such, there is no risk of inconsistent adjudications. When related cases involve different parties, there is no risk of inconsistent adjudications. See Boston Scientific Corp. v. Johnson & Johnson, Inc., 532 F. Supp.2d 648, 655 (D. Del. 2008) (denying motion to transfer venue because there was no risk of inconsistent adjudications where the defendants were only a party to one action).

---

[1] The parties agree that the first public factor, the enforceability of judgment is not relevant to the transfer analysis.

As to the third factor, the relative administrative difficulty in the two fora resulting from court congestion, Coast cites to current caseloads for both this District and the District of Oregon. Specifically, Coast submits that this statistical evidence shows that civil cases in Oregon are tried almost a year sooner than cases in this District. Indeed, as of March 31, 2011, the median time from filing to trial for civil cases in Oregon was 28.9 months while in New Jersey the median time was 40.6 months. (Peter Heuser Declaration ("Heuser Decl.") at Exh. 2).

Yet, according to plaintiffs, Coast's own statistical evidence militates against transfer. Plaintiffs contend that the average time to disposition of civil cases in New Jersey is much shorter than in Oregon - 6.2 months versus 11.2 months. (Id.) Plaintiffs further state there are fewer cases pending per judge in this District (393 cases per judge) than in Oregon (508 cases per judge). (Id.) However, as Coast points out the total number of civil cases pending per judge is lower in Oregon (395 civil cases per judge) than in New Jersey (437 civil cases per judge). (Id.)

After reviewing this evidence of caseloads for both districts, the Court concludes that this factor does not weigh in either party's favor. While the district court in New Jersey appears to dispose of civil cases more quickly than Oregon, this evidence is meaningful when considering those cases that go to trial. As such, it is premature to determine the significance of this evidence in this case, which is in its infancy stage. Additionally, while this district has fewer cases pending per judge, this statistic includes pending criminal cases as well. As such, the evidence does not conclusively establish that fewer civil cases are pending per judge in this District than in Oregon.

As to the fourth factor, the local interest in deciding local controversies at home, Coast argues that Oregon has a stronger localized interest in deciding this case because the claims arose in that state. Plaintiffs counter that both this factor and the public policy of this forum weigh against

11

transfer. According to plaintiff, this controversy is national, not local to Oregon, as the plaintiffs are a national class of consumers and Coast sells its products nationwide. Additionally, plaintiffs contend that New Jersey has an interest in protecting New Jersey consumers, such as Loreto, against fraud.

The Court finds that Oregon has a local interest in regulating the conduct of its corporations and the activities of corporate officers working for corporations which conduct business in that state. Indeed, Oregon tribunals would have a local interest in a dispute where the allegedly culpable conduct occurred in that state. See LG Electronics Inc., 138 F. Supp. 2d at 592; Hoffer v. InfoSpace.com, Inc., 102 F. Supp.2d 556, 576 (D.N.J. 2000). On the other hand, New Jersey has an interest in having a case tried that involves allegations that one of its citizens was the victim of violations of New Jersey law. See Travelodge Hotels, Inc. v. Mangat Houston Race Track, L.L.C., 2007 WL 2156367, at * 8 (D.N.J. Jul. 25, 2007). Additionally, as the controversy is a national one, Oregon alone does not have a local interest in deciding plaintiffs' claims. Accordingly, this Court finds, on balance, that neither forum has the stronger local interest in the outcome of this litigation. Accordingly, this factor does not weigh in favor of either party.

As to the sixth factor, the reviewing court will apply New Jersey and California law to decide the named plaintiffs' state law claims. However, federal law will be applied to plaintiffs' Magnuson-Moss Act claim. In short, both federal as well as New Jersey and California laws govern the parties' dispute. Yet, the Court notes that "'federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit.'" Siemens Financial Services, Inc., 2010 WL 3119520, at * 4 (quoting Yocham v. Novartis Pharm. Corp., 565 F. Supp. 2d 554, 560 (D.N.J. 2008)). As such, the federal courts in both this District and the District of Oregon are equally

familiar with the legal principles underlying the common law claims and federal claims necessary to resolve this case. As such, this factor does not weigh in either party's favor.

### III. CONCLUSION

Balancing the various private and public interests, pursuant to Section 1404(a), this Court finds that Defendant Coast has not met its heavy burden of persuasion to show that the District of Oregon, as the alternative forum, is not only adequate but more convenient than this District. Accordingly, Defendant Coast's Motion to Transfer is **DENIED**, and thus its request to stay the action is **DISMISSED AS MOOT**.

An appropriate Order will be filed.

s/ Susan D. Wigenton, U.S.D.J.

cc:   Hon. Madeline Cox Arleo, U.S.M.J.

Clerk of the Court

Parties